UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARCUS CARLISLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos. 1:08-CV-228/1:07-CR-6049 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

| | |
|---|---|
| MARCUS CARLISLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Nos. 1:08-CV-55/1:06-CR-140-007 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & JUDGMENT ORDER**

The two cases captioned above represent a conviction for a drug conspiracy (Case No. 1:06-CR-140) and a revocation of supervised release based upon that conviction (Case No. 1:07-CR-6049).[1] In both of these cases, *pro se* petitioner Marcus Carlisle ("Petitioner") has moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (Case No. 1:06-CR-140, Court File Nos. 322, 343; Case No. 1:07-CR-6049, Court File No. 12, 13). In addition, Petitioner has made several other filings which seek relief comparable to the relief requested in his § 2255 motions: Petitioner has filed a motion for summary judgment (Case No. 1:06-CR-140, Court File No. 346)

---

[1]The Court will refer only to the corresponding criminal case numbers, as all docket entries are found under the criminal case numbers only.

and a motion requesting he be released from federal custody, styled as a "petition for the release of real/personal property" (Case No. 1:06-CR-140, Court File No. 390). Because all of Petitioner's motions raise identical claims and issues the Court addresses these motions and cases together.

For the following reasons, Defendant's § 2255 motions are **DENIED**, his motion for summary judgment and motion to be released from custody are **DENIED**, and the civil cases are **DISMISSED**.

I. **BACKGROUND**

In 1993, the United States District Court for the Northern District of Georgia convicted Petitioner of possessing cocaine base and sentenced Petitioner to 151 months of imprisonment and 5 years of supervised release (Case No. 1:07-CR-6049, Court File No. 2).

Following his release from federal custody, and while on supervised release, Petitioner became involved in a conspiracy to sell marijuana (Case No. 1:06-CR-140, Court File No. 186). Even before Petitioner's became involved in the conspiracy, however, investigators from the Tennessee Bureau of Investigation and the Hamilton County Sheriff's Department had already been investigating the conspiracy (*id.*). During the course of this investigation, a wiretap was used and numerous calls were intercepted from members of the conspiracy (*id.*). In some of these phone calls, Petitioner was recorded openly discussing buying and selling drugs (*id.*).

On December 12, 2006, an indictment was returned against Petitioner, charging him with a conspiracy to distribute marijuana (Case No. 1:06-CR-140, Court File No. 1). After Defendant pleaded guilty, this Court adjudicated Petitioner guilty of violating 21 U.S.C. §§ 845, 841(a)(1) and (b)(1)(D) (Case No. 1:06-CR-140, Court File No. 196).

On August 9, 2007, the Court held a sentencing hearing in the marijuana conspiracy case (Case No. 1:06-CR-140) and a revocation hearing in Petitioner's supervised release case (Case No. 1:07-CR-6049). For the marijuana conspiracy conviction, the Court sentenced Petitioner to a term of imprisonment of fifteen months (Case No. 1:06-CR-140, Court File No. 258). At the same time, the Court revoked Petitioner's supervised release, and imposed a term of imprisonment of sixty months, to be served consecutively (Case No. 1:07-CR-6049, Court File No. 6). Petitioner did not file an appeal in either case.

## II. STANDARD OF REVIEW

This Court must vacate and set aside the sentence if it finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a Petitioner files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating

3

allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

## III. ANALYSIS

Petitioner appears to be under the mistaken belief he is a commercial entity. For example, in Petitioner's motion for summary judgment, Petitioner asserts he is being "held as surety for a dead fictious [sic] entity without any full disclosure of the assessment or commercial liability" (Case No. 1:06-CR-140, Court File No. 346). In Petitioner's motion for the release of his real/personal property, Petitioner refers to himself as a "vessel" which he is asserts is "exempt from levy" (Case No. 1:06-CR-140, Court File No. 390).

4

The Court has addressed Petitioner's outrageous claims of being a commercial entity before (*see* Case No. 1:07-CR-6049, Court File No. 26). Then, as now, the Court finds Petitioner's claims are frivolous and without merit.

In addition, Petitioner's grounds for relief under § 2255 suffer from the same frivolous deficiency. Nearly all of the grounds for relief asserted in his § 2255 motions relate somehow to Petitioner's counsel failing to advise him the charges against him were commercial in nature or failing to advise him of some commercial aspect about his charges.

In the § 2255 motion filed February 28, 2008, Petitioner asserts he received ineffective assistance of counsel when his counsel 1) failed to require the Government to swear in writing the charges against him were "bonded," 2) failed to advise him the charges against him "were in fact commercial;" 3) failed to provide an "assessment" for the charges; 4) failed to advise him of the fatal penalties of entering a guilty plea without disclosure of whether the charges were "bonded" and without being provided an "assessment"; 5) failed to advise him of his "right to know the assessment" or to know whether "the charges were in fact bonded"; 6) failed to disclose he was an "officer of the court" and thus had a duty to the public which took priority over his duty to Petitioner; 7) failed to disclose that the United States Government is "operating in bankruptcy and is functioning solely off the credit of the people"; 8) failed to advise him the "charges were based solely on assumptions and presumptions"; and 9) failed to advise him that "without an assessment for the said charges there can be no charges." (Case No. 1:06-CR-140, Court File No. 322, 343.) In support of these claims, Petitioner's only evidentiary support is his own affidavit, in which he merely restates his claims (*Id.* at 15-22).

In the § 2255 motion filed June 6, 2008, Petitioner continues to assert grounds for relief which appear to be commercial in nature. In this motion, Petitioner claims his attorney rendered ineffective assistance of counsel when he failed to ask Petitioner's probation officer to "release the lawful contract that legally binds [Petitioner] to perform under any lawful contractual agreement concerning supervised release." Petitioner also asserts, as an independent ground, his attorney admitted that "fault exists creating fraud, material misrepresentation, and ineffective assistance of counsel, which vitiates all forms, contracts, testimony, agreements, etc., expressed or implied from the beginning." (Case No. 1:07-CR-6049, Court File No. 12). In addition, Petitioner repeats several claims from his earlier § 2255 motion (*id.*).

All of Petitioner's grounds for relief under § 2255 are couched as instances in which he claims to have received ineffective assistance of counsel. A claim of ineffective assistance of counsel requires Petitioner 1) to show his counsel offered deficient performance and 2) to show that deficient performance prejudiced his ability to receive a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In this case, none of the Petitioner's claims identifies a recognizable obligation which his attorney failed to satisfy. As the Court previously explained, Petitioner's assertions "are completely nonsensical, indecipherable, and unintelligible" (Court File No. 387 at 1). From this record, it is unclear what legal relevance Petitioner believes the "commercial nature" of his charges has in this case. For example, it is unclear what relevance the fact his charges were or were not "bonded" or "assessed" has on his counsel's performance or his ability to receive a fair trial. Thus, Petitioner has failed both prongs of the *Strickland* requirements, and, because Petitioner raises no other grounds for relief under § 2255, his motions to vacate his sentence are denied.

## IV. CONCLUSION

For the above reasons, the following motions are **DENIED**: 1) Petitioner's motion to vacate (Case No. 1:06-CR-140, Court File No. 322); 2) Petitioner's motion to vacate (Case No. 1:06-CR-140, Court File No. 343); 3) Petitioner's motion for summary judgment (Case No. 1:06-CR-140, Court File No. 346); 4) Petitioner's motion for the release of real/personal property (Case No. 1:06-CR-140, Court File No. 390); 5) Petitioner's motion to vacate (Case No. 1:07-CR-6049, Court File No. 12); and 6) Petitioner's amended motion to vacate (Case No. 1:07-CR-6049, Court File No. 25). In addition, the Court **ORDERS** the Clerk to close civil case numbers 1:08-CV-228 and 1:08-CV-55.

The Court has reviewed this case pursuant to Rule 24 of the Federal rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. Fed. R. App. P. 24. Should the defendant give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2); Rule 22(b) of the Federal Rules of Appellate Procedure, or a showing that reasonable jurists would disagree with the resolution of this matter. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**